IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **REGINALD NIXON,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:24-cv-601-O-BP |
| § | |
| **PRIME RECOVERY, LLC,** § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case was referred to the undersigned for pretrial management on June 27, 2024. ECF No. 2. Before the Court is Plaintiff's Motion for Default Judgment ("Motion"). ECF No. 10. *Pro se* Plaintiff Reginald Nixon ("Nixon") filed his complaint and paid the required filing fee on June 27, 2024. ECF No. 1. On July 1, 2024, the Court notified him of his responsibility under Federal Rule of Civil Procedure 4(c) to serve Defendant with a summons and copy of the Complaint within ninety days after the filing or risk dismissal of his case under Federal Rule of Civil Procedure 4(m). ECF No. 5. Because the record reflects that Nixon has not properly served process on the defendant named in the Complaint, the Court **RECOMMENDS** that United States District Judge Reed O'Connor **DENY** the Motion without prejudice.

Rule 4(c)(2) provides that "[a]ny person who is at least 18 years old and not a party may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2). After effecting service, the plaintiff must file proof of service with the court. *Id.* 4(l)(1). However, proof of service does not affect the validity of service. *Id.* 4(l)(3). If the plaintiff fails to serve a defendant "within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant," unless the plaintiff shows good cause for both

(1) failing to timely and properly effect service and (2) for the court to extend the time for service for an appropriate period. *Id.* 4(m); *Lewis v. Sec'y of Pub. Safety & Corr.*, 870 F.3d 365, 369 (5th Cir. 2017). "A *pro se* plaintiff is entitled to notice before a district court dismisses an action, *sua sponte*, for failure to timely serve the defendants under Rule 4(m)." *Drgac v. Treon*, No. CIV.A. H-07-4283, 2008 WL 4746984, at *1 (S.D. Tex. Oct. 27, 2008) (citing *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996)). But "[a] plaintiff's *pro se* status and ignorance of the law do not constitute cause for [his] failure to effect service in compliance with the rules." *Id.* (citing *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988)).

Nixon did not properly serve process on Defendant under Federal Rule of Civil Procedure 4 because he stated that he served the Complaint and Summons himself. Under this rule, only individuals who are not a party to the case may serve the Complaint and Summons on the opposing party. Accordingly, the undersigned **RECOMMENDS** that Judge O'Connor **DENY without prejudice** Nixon's Motion for Default Judgment.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except

upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on August 23, 2024.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE